IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS § | | |
| Plaintiff § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:18-cv-3286 | |
| § | | |
| § | | |
| UNITED STATES POSTAL SERVICE § | | |
| Defendant § | JURY TRIAL DEMANDED | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, James Williams (hereinafter referred to as "Williams" or "Plaintiff"), and files this Original Complaint, complaining of the United States Postal Service (hereinafter referred to as "USPS" or "Defendant"), and for his cause of action, would respectfully show as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, actual damages, compensatory damages, punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff, James Williams is an individual currently residing in Houston, Harris County, Texas.

4. Defendant, United States Postal Service is an agency of the United States government responsible for providing postal service in the United States.

5. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, agents and/or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the normal course and scope of employment of the Defendant's officers, directors, agents, or employees.

## III.
## JURISDICTION AND VENUE

6. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Southern District of Texas.

7. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 (federal question) since Plaintiff is bringing this claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

8. The Court has personal jurisdiction over the Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant.

9. All conditions precedent to filing this lawsuit have been met.

## IV.
## FACTS

10. James Williams is a former employee of Defendant.

11. Williams worked at the 4600 Aldine Bender, Houston, Texas 77032 location.

12. In early 2016, Plaintiff's wife suffered from a serious health condition stemming from acute appendicitis.

13. Williams applied for leave under the Family Medical Leave Act ("FMLA").

14. Williams was qualified for leave under the FMLA because of the serious health condition(s) suffered by his wife.

15. Williams was qualified for leave under the FMLA because he had not previously taken all of his remaining FMLA leave for the year.

16. As a result of his wife's illness, Plaintiff was approved for FMLA leave to care for his wife during and after the surgery.

17. Upon return, Williams was told by Mable Shepard that they should have just fired Williams long ago while he was out on leave.

18. Shepard also said Williams' wife being sick was not important.

19. Williams discussed with her the circumstances regarding his time off, but she continued to proceed with writing him up.

20. On April 23, 2016, Williams received a disciplinary action.

21. Williams had doctor's appointments in early April and began to have run-ins with his supervisors.

22. Mr. Williams provided a doctor's excuse for the absences, but was written up anyway.

23. Due to the disciplinary action and the ongoing pressure and harassment following his wife's FMLA leave, Williams was diagnosed with Major Depressive Disorder, Single episode, severe without psychotic features.

24. The April write-up served to exasperate Mr. William's depression and he was unable to return to work at the time.

25. As a result of his medical condition, his medical provider filled out additional FMLA paperwork and Williams filed a claim for a work-related injury (CA-2).

26. The CA-2 information was inputted by Steve Simmons.

27. Williams provided Mable Shepard with his doctor's notification which stated that he was on continuous leave from April 27, 2016 to June 27, 2016 because he was "totally incapacitated."

28. Further, his FMLA paperwork noted that he suffered from "severe insomnia" and "constant mental fatigue."

29. Despite knowing at all times the status of Plaintiff's treatment, his requests for work-related injury coverage, and his FMLA leave requests, USPS continued to send written notices to Plaintiff on May 3, May 14, and August 26.

30. Plaintiff contacted his supervisors during this time and filled them in on the status of his condition and his on-going treatment.

31. Further, Plaintiff later submitted FMLA paperwork seeking FMLA leave and mentioned that he suffered from short-term memory disturbance, severe weight loss, loss of appetite, and irritability along with the severe depression and accompanying symptoms referenced above.

32. In response to this request for FMLA leave, Plaintiff was approved for additional FMLA leave.

33. However, on September 14, 2016 Plaintiff was sent a Notice of Removal notifying him that of USPS' intent to terminate his employment.

34. The Notice of Removal openly accused Williams of fabricating the injury or falsifying the extent of the seriousness of the injury despite the recent FMLA leave approval and the information previously provided regarding Plaintiff's ongoing treatment and injuries.

35. Plaintiff was cleared to return to work on September 28, 2016.

36. However, Williams was not allowed to return to work at that time and his employment was terminated in accordance with the Notice of Removal.

## V.
## FAMILY MEDICAL LEAVE ACT VIOLATION

37. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

38. During his employment, Plaintiff suffered from a "serious health condition" as that term is defined under the FMLA.

39. During his employment, Plaintiff's wife suffered from a "serious health condition" as that term is defined under the FMLA.

40. Plaintiff was an "eligible employee" as that term is defined by the FMLA.

41. Defendant is an "employer" as that term is defined by the FMLA.

42. During his employment, Plaintiff sought leave to care for himself due to his serious health condition.

43. During his employment, Plaintiff also sought leave to care for his wife due to her serious health condition.

44. At the time Plaintiff was sent his Notice of Removal, he had just been approved and had FMLA time available.

45. As described above, by terminating Plaintiff while out on FMLA approved leave, Defendant violated 29 U.S.C. § 2601, *et seq.* by denying his FMLA leave and interfering with his ability to take leave protected by the FMLA.

46. The FMLA violation described above was willful.

47. As a result of Defendant's actions in violation of the FMLA, Plaintiff has suffered loss of wages, both in the past and in the future, including loss of benefits, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

## VI.
## FMLA RETALIATION

48. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

49. As described above, after Plaintiff took FMLA approved leave as a result of his wife's serious health condition.

50. Further Plaintiff applied for FMLA leave as a result of his own serious health condition and was approved for leave.

51. Defendants terminated him to either prevent him taking leave or in retaliation for taking FMLA leave in violation of 29 U.S.C. § 2601, *et seq.*

52. The Defendant's conduct in violating the FMLA and terminating his employment for the exercise of his rights under the FMLA was willful.

53. The Defendant's conduct in retaliating against the Plaintiff for the exercise of his rights under the FMLA was outrageous, and warrants condemnation and deterrence.

54. As a result of Defendant's retaliatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, including loss of benefits as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

## VII.
## DAMAGES

55. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

56. As a result of Defendant's conduct, Plaintiff seeks the following damages: (1) back pay including lost wages and lost benefits; (2) reinstatement or front pay; (3) compensatory and punitive damages; (4) attorneys' fees, expert fees and costs; (5) liquidated damages, prejudgment and post-judgment interest.

## VIII.
## ATTORNEY'S FEES

57. In addition, as a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf.

58. Plaintiff has retained the services of the undersigned counsel of record, and accordingly, Plaintiff sues for reasonable attorney's fees as provided under the FMLA.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing and trial hereof, this Court enter judgment in his favor for back pay and benefits; past and future economic damages; reinstatement of his position; compensatory and punitive damages; liquidated damages, attorney's fees and costs; prejudgment and post-judgment interest; and for any such additional relief as the Court may deem just and proper.

Respectfully submitted,

AHMAD & CAPODICE, PLLC

By:   /s/ Dwain Capodice
      Dwain Capodice
      Texas Bar No. 24031915
      dwaincapodice@gmail.com
      24900 Pitkin, Suite 300
      The Woodlands, Texas 77036
      Telephone: (832) 767-3207
      Telecopier: (281) 864-4379

Of Counsel:

Nasim Ahmad
Texas Bar No. 24014186
Ahmad & Capodice, PLLC
nahmad@cline-ahmad.com
24900 Pitkin, Suite 300
The Woodlands, Texas 77036
Telephone: (832) 767-3207
Telecopier: (281) 864-4379

      ATTORNEY FOR PLAINTIFF
      JAMES WILLIAMS